F. E. RICHARDS, ET AL., *v.* F. E. RICHARDS'S ADM'R, ET AL.

**Decedent's Estates—Sale of Real Estate.**

> Where real estate is conveyed to a trustee with an agreement to sell so much as necessary to pay off debts and convey back to the grantors for life, and the fee to their children, but the trustee actually conveys the remainder of the real estate to such grantors in fee simple and one of the grantors dies, such real estate cannot be sold to pay her debts, for under the contract she is the owner only of a life estate therein, and the court will set aside an order made to sell such real estate, on the petition of the children of such decedent.

APPEAL FROM GRAVES CIRCUIT COURT.

February 6, 1877.

OPINION BY JUDGE ELLIOTT:

Frances E. Richards, the mother of appellants, died domiciled in Graves county, and appellee, R. T. Davis, was appointed her administrator and as such he filed a petition in equity to settle her estate. In this petition he charged that her personal estate was insufficient for the payment of her debts, but averred that she was the owner of a tract of land, and asked that the same might be adjudged to be sold in satisfaction thereof.

It appears that I. R. Holifield was the principal creditor of the estate of F. E. Richards, deceased, and on hearing the court adjudged the land to be sold in satisfaction of his and other claims against said estate, and on a sale thereof Hardy Richards became the purchaser and executed bond with I. T. Ballinger, one of the appellants, as his surety. The present appellants are children of Mrs. Frances E. Richards and John Richards, and were infants of tender years at the commencement and during the progress of this suit, but after the sale of the land, they, by their statutory guardian, I. T. Bal-

linger, filed their petition and set up their infancy, and, after stating their cause of action, asked that the judgment by which a sale of the land was ordered be vacated and set aside, and that the land in dispute be adjudged to belong to them.

It appeared from the pleadings and proof in this case that their father was the owner and in the possession of about 600 acres of land in Graves county, but that his wife, appellant's mother, had paid about eight hundred dollars of the purchase price. Richards and wife executed a mortgage to L. F. Anderson, and failing to pay the mortgage debt Anderson brought suit for the sale of the land in satisfaction thereof, and a sale was adjudged, and I. T. Ballinger bid off, agreeing, however, with Richards and wife that they might sell enough land to pay off Anderson's lien, and if any of the tract was left they might keep it during their lives with remainder to their children.

Ballinger afterward agreed that the purchase made by him should be considered the bid of Anderson, the creditor, and it was agreed between Anderson and the father and mother of appellants that they might sell enough of the land to pay his claim, and if any of the tract was left he would convey it to Richards and wife for life with remainder to appellants. Shortly after this last agreement was made Anderson died and his estate descended to his brothers and sisters, who agreed to carry out the agreement made with their deceased brother.

Richards and wife sold enough land to pay off the Anderson debt, and the same was fully discharged, leaving about one hundred acres of the Richards tract to be conveyed as agreed between Anderson and Richards and wife. But the commissioner in the suit of Anderson and Richards conveyed this hundred acres to appellants, subject to the indebtedness of Mrs. F. E. Richards. These appellants were not parties to that suit, and were infants at the time of this conveyance, and after the death of Mrs. F. E. Richards, her administrator, as before stated, by his petition sought and obtained a sale of this land in satisfaction of the claims against her estate, and this suit is to vacate that judgment of sale.

The lower court sustained exceptions to the depositions of John Richards, the father of appellants and of I. T. Ballinger, their guardian, and in this we are of opinion the court erred. The court also dismissed appellants' petition as to Holifield, the creditor of F. E. Richards's estate, and this was also error. They charged that Holifield and Davis were endeavoring to effect a sale of their land

in payment of F. E. Richards's debts, and they therefore sued Davis and Holifield, not as the heirs of Mrs. F. E. Richards, but in their own right as vendees of Anderson, for the land; and so far as their suit was concerned it was not a suit to settle F. E. Richards's or anybody else's estate, but it was a suit by appellants in their own right, and both Richards and Ballinger were legal witnesses for them.

We are of opinion that the evidence in this case is almost conclusive that by agreement between Richards and wife and Anderson, after Ballinger's bid was transferred to him, Anderson agreed that enough of Richards's land might be sold to pay his debt, and if any of the tract were left he would convey it to Richards and wife or the survivor of them for life, with remainder in fee to the appellants, and if he had complied with this agreement in his lifetime, Mrs. Richards's estate in it would have ceased with her death. As Anderson's heirs have assented to the agreement made with their brother, and as the fee simple title has been conveyed to the appellants, we are of opinion that the attempt in the commmissoners' deed to subject the land to the payment of Mrs. F. E. Richards's debts is contrary to the agreement between Anderson and appellants' ancestors, and is not binding on them.

Wherefore the judgment is *reversed* and the cause remanded with directions to the lower court to vacate and set aside the judgment of sale of said land as a part of the estate of Frances E. Richards, deceased, and in payment of her debts and to cancel the bonds for the purchase price; and the court is directed to dismiss the suit of appellees so far as it seeks a sale of the tract of land in dispute as the estate of F. E. Richards, and award the appellants a writ of possession for said land if they are not in possession thereof.

*R. K. Williams, for appellants.      W. M. Smith, for appellees.*